In the middle of the back row, that's Martine. Would you give that to him? Thanks. Counsel, please proceed. Thank you. May it please the court, I'm Linda Ziskin, the attorney for Helen Catherine Kim. This case is not about the merits of the underlying disability claim at all. It's about due process. It's all about due process. Despite the Commissioner's argument to the contrary that the appellant's due process rights were not violated. I'd like to start off by painting a picture for you, a little nightmare scenario, which isn't too far from a possibility. Let's say we have a rogue ALJ, and this ALJ has a very crowded docket, hundreds of cases backlogged, wants to clear the docket. So what he does is he summarily dismisses all of those cases, alleging that they were untimely filed. In truth, most of them were not untimely filed. What the Commissioner is arguing is that this court would not be able to rectify that situation. And that's an untenable situation. Our argument is that this court has not only subject matter jurisdiction here, but original jurisdiction under mandamus. Counsel, are you waiving all claims under 42 U.S.C. 405G then? Not at all. That's an alternative argument. We can discuss McNatt. Well, I'm curious, Counsel, because I understood in your reply brief that you disavowed any reliance on 405G. So now I'm a little confused. It's not really a disavowment. It's, I believe, the words and or were used in the paragraph on jurisdiction. I believe that the facts of this case fit better under mandamus. However, reading McNatt with this case, I see a way for this Court to also find that this appellant deserves a second chance, actually a first chance, at purdaining court-to-court nail jam at 405G. If you wish, I'll discuss McNatt now. I'm so curious about your argument, Counsel, because the government spent almost all the time in its brief discussing 405G. On page two of your reply brief, you said, Kim agrees that section 405G does not apply here. Right. I'm maintaining that. However, in light of McNatt, which was not decided at the time that brief was written, we now see a way that 405G may apply. I still am going to argue, however, that mandamus is... Counsel, McNatt was filed and was cited by this Court in 2000. Right. Well, apparently, we did not include that in our brief. The guy was not the author of the brief. However, I'd like to return to the threshold issue in this case, and that is whether or not this can be timely filed. We have to amount that before we can move on to which route we take the remedy. There's clear language in the regulation. There's no ambiguity whatsoever. The date you received the notice, this is 404-901 definitions, five days after the date on the notice, unless you show us that you did not receive it within the five-day period. That means that it doesn't matter when she received it. It only matters that she mailed it in or brought it to the Social Security office within 60 days of the date that she actually received it. It doesn't say 60 days from the date on the notice. What does received mean in that context? It means she held it in her hand and read it. Okay, so you're talking about actual service, which is a little different from receipt. What if you had a slot in the door and Ms. Kim had been home and actually saw the notice lying on the floor and decided that she wouldn't touch it for a couple of weeks? Would that give her additional time because she hadn't received it if she didn't touch it? Well, it would because the problem is here that the burden shifts to the government. After she makes a showing, in this regulation, it doesn't even say what kind of showing. It doesn't have to be a reasonable showing. There's another statute I want to discuss that does talk about a reasonable showing. The case that I provided to you this morning and to opposing counsel discusses that statute, that regulation, 422210C. Upon a reasonable showing, or in this case upon any kind of showing, that she did not actually receive the notice, the burden that shifts to the government shows she did. So once she makes a bare assertion. Haven't you added something to the statute that we can't do, only Congress can do, the word actual or actually? I don't think so. You're referring to 405G, Your Honor? No, because under mandamus, again, that is why we originally thought that 405G is not going to apply. There's no final decision in this case. That's the problem. She didn't get a final decision. 405G clearly says. I'm talking about the receipt arguments you're making. You put into the statute the word actual receipt or received. Isn't that a matter for Congress to do if? In the regulation, it would be a matter for the rulemaking agency to do, and they did not do so. Yes. How can we do that? Well, I don't think the word actual really matters. I think if you just read the clear language, it tells us that it just means unless you show us that you did not receive it within the five-day period, it's 60 days from the date on the notice plus an assumption or presumption of five days for mailing. The presumption is that most people, the mails generally work pretty well, or so they say, and most people will get their mail within five days after the date on the notice. Well, that's assuming that the agency was efficient enough to get it in the mail the very day that the date on the notice was stamped on it and that the mails worked properly and that she received it. That presumption is rebuttable. Counsel, you don't dispute that it arrived at her post office box within five days of mailing, do you? No way to know that. Because she didn't bother to pick it up for a year and a half? She was in prison, Your Honor. Well, I understand that, but one of the important questions for me is who bears the burden of getting this into her hands? The government. Well, the government has sent it to her last address that they had. And she knew, she had been told that if she changed her address, that she was responsible for letting the Social Security Administration know where they could find her. Right. Which she did not do, and so they sent it to the one address that they had where they had previously communicated with her. But there isn't anything in the regulation that says you have to provide us with your address otherwise you're out. There's no exception. She probably did not do the reasonable thing here. You would think that when someone's in jail, they'll have someone on the outside check your mail for them. She actually was ashamed of being in prison, and she didn't want anybody to know. She just let her mail pile up. The other thing to keep in mind is that many Social Security claimants on various types of disability are not the most well-functioning people in the world. That's why they're on disability. And this dysfunction causes them to not do the things that they should be doing or that reasonable people, everyone sitting in this room, would think, well, why didn't she go check her mail? She didn't. And the regulation is to be read broadly, interpreted liberally, because that's the nature of the Social Security Act, is to give claimants a benefit of the doubt. Let's oppose counsel that we agreed with you on the question of interpretation here. What makes us think, then, that mandamus is the appropriate remedy in this case? Mandamus confers original jurisdiction on this court. Keeping my scenario, my nightmare scenario in mind, it would just be an untenable situation to have no power to control and to rectify the mistakes and the arbitrary and capricious behavior of an agency or its employees. But what would establish the duties such that we should instruct the district court to issue an order of mandamus to the administrator of the Social Security Administration? The authority is under 1291. It confers original jurisdiction upon you to... It creates a remedy where there is a very, very specific duty created in a public official. Now, what creates the duty in the public official such that we should instruct the district court, in its discretion, to issue a writ of mandamus? Well, there's a three-part test under mandamus. First, there has to be a right. Claimant has to have a right to this hearing. She does have a due process right. Secondly, the government must owe her a duty, and this is a non-delegable duty to hear her case. The third part, the third prong, is that there be no other remedy for her. She has exhausted all her remedies. The commissioner is arguing that she hasn't exhausted her administrative remedies. Well, what would they have her do? She can't go back and get a hearing. That's the whole crux of this. It creates 45G, in my mind, creates a conundrum that this claimant cannot escape. There's nothing that she can do because she has not received a final determination. There has been no hearing. The language in 405G says after a hearing. There's been no evidentiary hearing. The distinction with McNabb is that … But she did have a hearing. No. She's had a preliminary determination that she's not eligible for benefits. No. It's a confused procedure. I see my time is up. There was a hearing with a disability determination services hearing officer. It wasn't an ALJ hearing. It's the ALJ hearing that was denied. She had this hearing. They said, okay, you're no longer disabled. Okay, then she goes to prison. She appeals. She appeals to the appeals council. She appeals for a hearing with an ALJ. The appeals council, she exhausted her route on that first denial. Then they send her a notice while she's in prison on December 14th. It says, we know you're in prison, so we're going to cut off your benefits. Then two months later, they send her … Thank you, counsel. Thank you. Good morning. May it please this court, I'm Ashley Harder, representing the Social Security Administration. Counsel, could you please raise your voice? That's not a microphone. It's just for recording, so you'll have to speak up. Okay. We maintain that jurisdiction over this action is governed by USC 405G, which requires a final decision of the commissioner made after a hearing. In this case, there is no final decision as contemplated under this section 405G. Counsel, if we accept opposing counsel's argument that this is truly a mandamus action, what's your response to opposing counsel's argument that the commissioner had a duty to give her client a hearing? Our response would be that the commissioner has complied with all her regulatory duties in this case. She has issued a decision in the matter. She has allowed appeal rights and explained them clearly and simply in the notice. She sent the notice to the address of record. And she is fully complied with all her duties in this matter. What's your response to opposing counsel's argument that because her client did not actually receive the notice, that the time never ran? I would say that that interpretation is both contrary to the regulations and illogical in view of the system as a whole. What language in the regulation are you relying upon to say that interpretation is inconsistent? I guess there would be several regulations. The one discussed, it's 20 CFR 404-901, which indicates that we interpret receive as meaning five days after the date on the notice. That's a presumption, though. That's correct. Okay. Her argument is that presumption has been rebutted by the declaration of her client that she did not receive it. I don't think that any evidence or argument has been raised that it was not received at the last known address, and that's how we would interpret that. So your argument is if it's received at the last known address, that constitutes receipt for purposes of the regulation? That's correct. And what are you relying upon to support your assertion in that regard? I think just as the district court spoke of more logic than legal material in that SSA has to process over 3 million claims a year if we allowed the claimant to set the time for appeal simply by whenever they read the notice, it would just be untenable, and these kind of claims would be infinitely reviewable. They could set any time to come back and appeal the decision saying they just picked up and read it. It fails. Since we have reported with all our regulatory duties, the burden must logically fall on the claimant to pursue her appeal rights. Counsel, what should we make of the difference in language between the regulation on which you rely and 405G, which says that you may obtain review of a decision by civil action commenced within 60 days after mailing? That seems far more specific and a lot clearer for claimants, doesn't it? It does, indeed. But that would support our argument here that she did receive it five days after mailing. Well, it seems that Congress was far more specific than the commissioner was here because it says commenced within 60 days after mailing. That lets us know exactly what we're responsible for doing. Here you have sort of a five days plus 60 if you got it and maybe more if you didn't. I think we were attempting to be fair to the claimant to allow a rebuttable presumption of receipt to set forth that they have five days in which we view mailing would take place. And they also have the right to ask for an extension of time if they aren't in receipt of the decision, which she didn't avail herself of either. I think there's a fair duty on the claimant in this case to pursue her rights to appeal, which were given to her. Due process was given. She chose not to avail herself of it. Counselor, did the Social Security Administration have any communication with her while she was in prison? The knowledge that she was incarcerated came through a computer matching program with the state. It just tells that she's incarcerated and then we're under an obligation to send a notice to the same address that the reconsideration notice was sent, indicating that it's contrary to statute in the rigs to pay benefits to someone who's incarcerated. So that notice went to the same address that the reconsideration notice went to because she never changed her address. So the administration did not have a specific address for her. It didn't know which facility she was in. Is there anything in the record that would suggest that somebody at the administration knew where she was? I know that they knew she was incarcerated through reading the notice we sent, but I am not sure that we knew which facility she was in. Certainly we had to have proof that she was incarcerated, but I don't know that we had the full mailing address that was in her number. And she, moreover, more importantly to us, did not say that this was her new mailing address. Did she have counsel? No, she did not. If she had had counsel, would you have sent the notice to counsel as well? We would, as we did in Matlock. Did the court wish me to address the McNatt case? Which case? The McNatt case. We feel that it's completely distinguishable from the situation here in that in the McNatt case, the plaintiff did file timely for a request for hearing, and although they didn't appear at the hearing, their representative appeared at the hearing to further continue the claim and ask for a continuance. The court made a distinction between the claimant in that case who appeared and tried to pursue his claim and situations as the ones that arose in this case where a person does not comply with administrative procedure set forth. Well, in McNatt, he didn't comply in the sense that his counsel showed up and said that he was not authorized to proceed, and so they suggested that the claimant had failed to appear and that was the end of it. And I think that the point of McNatt, I think the thing that's troubling about McNatt here, is that the McNatt was not able to pursue it all the way to the commissioner and obtain the final judgment that you've told us in your brief is a prerequisite to filing under 405G. Well, I recognize that the court was concerned that dismissal was improper in that case. Dismissal in that case was made on other grounds. The failure for either party to appear, which this court found was not the case there, that the attorney did appear and did try and pursue the claim, that is not the situation here. And the court recognized the distinction between people who try and further their claim and those that do not. Does the Social Security Administration agree with the court's holding in McNatt? There's a dissent in that case. I believe that our view of what constitutes a final decision under 405G does more closely correlate with a dissenting opinion, yes. But nevertheless, majority opinion is distinguishable from the situation here. Are you aware of whether the administration is non-acquiesced in that decision in other circuits? I'm not aware, sir. I can read that if you wish. We would just urge the court to follow its precedent in the McNatt case and the Supreme Court case of Saunders and find that since there's no final decision in this case, there's no jurisdiction to hear the claims here. Thank you. Thank you, Carol. We received something from opposing counsel, which has a copy of the Matt Sue Becker case. Would you comment on that as to whether that case is controlled and whether it's persuasive and whether we should follow that case here? No, Your Honor. I don't believe that it is. And why? I think it can be distinguishable in that, again, in that case, in our case, that there is no assertion or evidence that it was not received at the address of record as in that case presented. There was no efforts by Clayman in this case to avail herself of her rights by finding out when the decision would be issued, making arrangements to have it delivered to her in prison. And so I find that it's distinguishable from that case. Thank you. Thank you, counsel. We'll give you one minute for rebuttal. Thank you. Actually, Matt Sue Becker is very on point. The only distinguishing factor would be that it concerns 422.210C, which is an analogous statute also found in the Social Security Act. But in Matt Sue Becker, the court pointed out that the Matt Sue Becker claim never to have received the registered mail. And here, there is no claim that the mail was not put in the mailbox where she the address she gave. Well, she's also saying that she didn't receive it. Well, but that but that's different from Matt Sue Becker, isn't it? And Matt Sue Becker, she said maybe maybe a mail would have been never arrived. Well, I know it's a distinction without a difference, I think, because the net effect was the same. It didn't end up in the claimant's hand until. But the Second Circuit said since that was the evidence that was offered as a defense, there was a duty on the commissioner to come forward. And the commissioner did not. That's correct. The whole thrust of Matt Sue Becker is that the burden will shift to the government upon a fair assertion or a showing of any kind that she did not receive it or did not receive it within the time they wanted to receive it. I think that's a distinction. That's the amount of time. Matt Sue Becker, though, seems to say it wasn't mailed and that was the defense. Right. And I understand that, Your Honor. Again, I don't think that that distinction is critical. I think that the thing to look at in Matt Sue Becker is that the burden shifts to the government. I think that's the proposition that that case stands for. And that's why I think it's your part in this case as well. All right. Thank you, counsel. Thank you. The case just argued stands admitted. The next case on calendar for argument is Southern Oregon Bar Fair v. Jackson County. Thank you.
judges: Alarcon, Rawlinson, Bybee